UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JESSE RAMIREZ,<br><br>                              Defendant. | Case No.: 18cr2278-CAB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE [Doc. No. 669]** |

On February 10, 2022, defendant Jesse Ramirez, *pro se,* filed a Motion for a Reduction in Sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i). [Doc. No. 669.]

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the BOP, or upon motion of the defendant. Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf. A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Proper exhaustion is a prerequisite to the defendant initiating the motion for sentence reduction. The statute requires defendant exhaust administrative remedies or wait 30 days

before moving in court for a sentence reduction. Section 3582(c) states that a court may not modify a term of imprisonment except when these conditions are met. There is no statutory exception excusing the exhaustion requirement. Before the court may even consider whether the defendant's circumstances are extraordinary and compelling to justify a sentence reduction, the defendant must first demonstrate he has met the criteria for bringing his motion to the court.

The defendant states that his "efforts to exhaust his administrative remedies have been fruitless," and that he "applied for release to home confinement, via the Administrative Remedy Program and was denied at all levels." [Doc. No. 669 at 4.] However, defendant does not include in his motion any specific evidence that he submitted <u>a request for a sentence modification to the warden at the facility in which he is detained</u>. Therefore, at this time, he has not met the exhaustion requirements.

Accordingly, the motion to reduce sentence is **DENIED** without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated:  February 11, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge